**FOREST GUARDIANS, Plaintiffs,**

v.

**Ann M. VENEMAN, Secretary of Agriculture of the United States, and the United States Forest Service, Defendants.**

**No. CV 01–138 TUC DCB.**

United States District Court,
D. Arizona.

Oct. 30, 2003.

Robert Baxter Wiygul, Waltzer & Associates, Biloxi, MS, for Plaintiffs.

Lisa Lynne Russell, Samuel D. Rauch, III, Jean Williams, U.S. Dept. of Justice, Wildlife & Marine Resources Section,

Washington, DC, Monte C. Clausen, Esq., Richard Evan Gordon, Esq., U.S. Attorney's Office, Tucson, AZ, for Defendants.

## ORDER

BURY, District Judge.

On October 28, 2002, this Court ruled in part on the merits of the parties' cross-motions for summary judgment and called for supplemental briefing. The Court held that Count VII of Plaintiff's Complaint was subject to dismissal, but afforded Plaintiff an opportunity to show good cause why it should not be dismissed. Supplemental briefing has been filed addressing Count VII of Plaintiff's First Amended Complaint. Plaintiff has shown good cause not to dismiss Count VII. The parties agree Count VII is moot as to the following four allotments: New River, Red Creek, Cedar Bench, and Buzzard Roost. Judgment is entered for Plaintiff as to the remaining allotments identified in Exhibit A of Plaintiff's supplemental brief. (*See* Ex. A attached)

In Count VII of the First Amended Complaint, Plaintiff alleged that Defendant issued ten-year term grazing permits on 56 allotments based on the effects of grazing for only a three-year period, pursuant to the February–1998 Guidance Criteria instead of the August–1998 Guidance Criteria. The discussion and analysis in this Court's October 28, 2002 Order is incorporated here in its entirety, including the distinctions between FWS' streamlined Section 7 consultations pursuant to the August–1998 Guidance Criteria for issuing the ten-year grazing permits as compared to the February–1998 Guidance Criteria used to assess the year-to-year affect of ongoing grazing.

On October 28, 2002, the Court rejected Defendant's assertion that Count VII of the First Amended Complaint was barred by *res judicata* because of Judge Roll's ruling in a grazing permit case CV 97–666 TUC JMR. (Order filed October 28, 2002 at 8–9) (discussing and rejecting *res judicata* argument). The Court explained its understanding of Count VII as follows:

According to the Defendant, up until the NEPA authorized ten-year term grazing permit is implemented, it applies the February–1998 Guidance Criteria, which it uses to assess the year-to-year affect of ongoing grazing. Plaintiff has not challenged the use of the February–1998 Guidance Criteria in relation to the annual permitting activities of the Forest Service, but only asserts that the February–1998 Guidance Criteria, which are based on the affects of grazing over three-years, may not be used to assess the affect of a ten-year term grazing permit. Defendant would be prohibited from doing this because the scope of the agency action determines the scope of the ESA § 7 analysis. (*See* this Order at 6) (discussing Judge Roll's Order at 27); *Conner v. Burford,* 848 F.2d at 1453 (the entire agency action must be analyzed under ESA, so ten-year term grazing permits cannot be based on three years).

Defendant's assertion that the ten-year term permits it issues pursuant to NEPA are based on the August–1998 Guidance Criteria calls into question Count VII of Plaintiff's First Amended Complaint that 56 allotments (First Amended Complaint at Exhibit 5) have been issued ten-year term grazing permits based on the three year consultations (February–1998 Guidance Criteria) rather than ten year consultations (August–1998 Guidance Criteria). (P's Reply at 19.)

Plaintiff admits that since it compiled the First Amended Complaint, many of the 56 allotments have received new

NEPA authorized permits based on new ESA consultations, pursuant to the August–1998 Guidance Criteria, covering the entire ten-year term of the permit. *Id.* "Forest Guardians [Plaintiff] agrees that its claim with respect to these allotments is moot." *Id.* ... Consequently, the Court believes that there may not be any NEPA authorized ten-year term permits, based on the February–1998 Guidance Criteria (three year consultations), and that Count VII may be dismissed.[1]

(Order filed October 28, 2002 at 25–26.)

It appeared to the Court at the time it issued the October 28, 2002 Order that there were no ten-year grazing permits that had been issued based on an ESA assessment of affects over three years, pursuant to the February–1998 Guidance Criteria. As the Court noted in the Order, "Defendant would be prohibited from doing this because the scope of the agency action determines the scope of the ESA Section 7 analysis." ((Order filed October 28, 2002 at 25 (*citing Conner v. Burford,* 848 F.2d at 1453 (the entire agency action must be analyzed under ESA, so ten-year term grazing permits cannot be based on three years)); *see also* Order filed October 28, 2002 at 6.))

Unfortunately, the Court misunderstood the Defendant's position. On supplemental briefing, Defendant admits that for the 33 grazing allotments listed in Exhibit A to Plaintiff's Supplemental Memorandum on Count VII it completed ESA Section 7 consultations under the February–1998 Guidance Criteria for the annual administration of these permits for a period of

three years, but issued ten-year grazing permits. Four of the allotments have now been issued ten-year grazing permits based on new consultations made in connection with NEPA analysis under the August–1998 Guidance Criteria. Count VII is moot as to these allotments, which are the following: New River, Red Creek, Cedar Bench, and Buzzard Roost.

As to the remaining 29 allotments, Defendant asserts that it has consulted for the full scope of the action that it maintains discretion over because until the NEPA process is completed for an allotment, the Rescissions Act of 1995 *requires* that the grazing permit "shall be issued on the same terms and conditions and for the full term of the expired ... permit." Rescissions Act § 504(b), Pub.L. No. 104–19, 109 Stat. 194, 212 (July 27, 1995). Defendant argues that the Rescissions Act abrogates its discretion to change the terms of a permit, including its term, until the required NEPA analysis has been completed. (Defendants' Response to Plaintiff's Supplemental Memorandum on Count VII of the Complaint at 6 (*citing* Rescissions Act § 504(c))).

█ The Court addressed the Rescissions Act in great detail in the October 28, 2002 Order. (*See* Order filed October 28, 2002 at 12–18.) The Court noted that the window of exception afforded by the Rescissions Act was governed by the NEPA compliance schedule adopted for the region. *Id.* at 16. The Court based its determination on the plain language of the Rescissions Act, § 504(a), and attached a copy of the adopted schedule for the Southwestern Region to its Order. There

---

1. If an allotment is covered by a ten-year term permit issued pursuant to the February–1998 Guidance Criteria, Count VII would be subject to dismissal if the permit fit within the exception of the Rescissions Act because it was issued prior to the issuance of a NEPA Decision or if the permit was issued in relation to CV 97–666 TUC JMR. (The Plaintiff has properly withdrawn the one allotment, Devil's Park, it identified as being res judicata barred because of CV 97–666 TUC JMR.)

are eight allotments covered by Count VII that had ten-year permits based on the three-year February–1998 Guidance Criteria that were issued after their scheduled date for NEPA compliance. The grazing permits for these allotments must fully comply with NEPA and ESA. The permits are invalid for the following allotments: Torreon, Walker Basin, Pedragosa, Bottle Canyon, Gillespie, Grant, Greenback and Bottle Canyon. Defendant must consult on the full ten-year term of the grazing permits on these allotments.

Because the Court believed Count VII was subject to dismissal, the Court's October 28, 2002 Order did not address Plaintiff's assertion that the Rescissions Act did not excuse Defendant's full compliance with the Section 7 consultation provisions of the ESA. (*but see* Order filed October 28, 2002 at 26 n. 10) (opining in dicta that Count VII might be subject to dismissal if permit fit within exception of the Rescissions Act.) Plaintiff asserts that Defendant must consult on the full ten-year term of the ten-year term grazing permits. This argument must now be answered as to the remaining 21 allotments identified in Plaintiff's Exhibit A.

The issuance of a new term grazing permit with the same terms and conditions, and for the full term of the expired permit is provided for under the Rescissions Act "only" if a new term permit has not been issued "solely because the analysis required by NEPA *and other applicable laws* has not been completed ...." Rescissions Act § 504(c) (emphasis added). This language covers ESA Section 7 consultation requirements, and it does not support Defendant's assertion that it lacks any discretion to modify its grazing permits to comply with ESA prior to completing the NEPA analysis. The Rescissions Act only provides for reissuance of a grazing permit on the same terms and conditions, including the same term length, as the expired permit, if the ESA consultation *has not been completed.* The Rescissions Act does not dispose of the procedural and substantive provisions of Section 7 of the ESA placed on all federal agencies to insure at all times that their actions are not likely to jeopardize the continued existence of any endangered species or threatened species or result in the destruction or adverse modification of critical habitat. 16 U.S.C. § 1536(a)(2).

As this Court has explained herein and in its Order filed October 28, 2002, the scope of the agency action determines the scope of the ESA Section 7 analysis. The entire agency action must be analyzed under ESA, so ten-year term grazing permits cannot be based on an analysis of the three-year affect of ongoing grazing on an allotment. *Conner v. Burford,* 848 F.2d at 1453. The Rescissions Act did not suspend Defendant's duty to comply with the ESA, including its duty to analyze the entire scope of its action.

The Court notes that the Rescissions Act was a rider to an appropriations bill that was passed without congressional debate. "Repeals (or suspension) of legislation by implication are disfavored, especially 'when the claimed repeal rests solely on an Appropriations Act.'" *Forest Guardians v. Babbitt,* 174 F.3d 1178, 1192 (10th Cir.1999) (*quoting Tennessee Valley Authority v. Hill,* 437 U.S. 153, 190, 98 S.Ct. 2279, 57 L.Ed.2d 117 (1978)). The Court will not construe the Rescissions Act as a broad exemption from all environmental laws that might on their own require modification of grazing permits.

If and when Defendant undertakes Section 7 consultation regarding the impact of a ten-year grazing permit for an allotment, it must be pursuant to the August–1998 Guidance Criteria. Once completed, Defendant has discretion to modify grazing

permits to comply with ESA. The Rescissions Act only provides a limited grace period of validity for grazing permits that expire and must be renewed prior to the relevant environmental (NEPA or ESA) analysis being completed. Defendant must consult on the full ten-year term of the permits named in Exhibit A.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment (Dkt.# 38) is GRANTED IN PART AS TO COUNT VII as follows:

1. Count VII is moot as to the following allotments: New River, Red Creek, Cedar Bench, and Buzzard Roost.

2. The following grazing permits are invalid on the following allotments: Torreon, Walker Basin, Pedragosa, Bottle Canyon, Gillespie, Grant, Greenback and Bottle Canyon. Defendant must consult for the full ten year term of the grazing permits covering these allotments.

3. The Defendant must consult on the full ten year term of the grazing permits on the remaining allotments identified in Exhibit A. (*See* Ex. A attached here).

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Dkt.# 44) is DENIED.

**IT IS FURTHER ORDERED** that Judgment shall be entered for Plaintiff accordingly as to Count VII.

### EXHIBIT A

| Forest & Ranger District | Allotment Name |
| --- | --- |
| *Cibola* | |
| Magdalena | Durfee |
| Mountainair | Torreon |
| *Coconino* | |
| Mormon | Anderson Springs |
| Beaver Creek | Walker Basin |
| Peaks | Wild Bill |
| *Coronado* | |
| Douglas | Boss |
| Douglas | Horseshoe |
| Douglas | Pedragosa |
| Douglas | Pine |
| Douglas | Rough Mtn |
| Safford | Bottle Canyon |
| Safford | Cedar Springs |
| Safford | Gillespie |
| Safford | Grant Creek |
| Safford | North Ash |
| Santa Catalina | Barney |
| Sierra Vista | Odonnell |
| Santa Catalina | Cumero Ash Canyon |
| Sierra Vista | Seibold |
| Sierra Vista | U–D |
| *Gila* | |
| Glenwood | Devils Park |
| Reserve | Long Canyon |
| Reserve | Yeguas |
| *Lincoln* | |
| Sacramento | Agua Chiquita Trail |
| Sacramento | South La Luz |
| Sacramento | Upper Burnt |
| *Santa Fe* | |
| Jemez | Del Norte |

| Forest & Ranger District | Allotment Name |
|---|---|
| Jemez | Vallecitos |
| *Tonto* | |
| Cave Creek | New River |
| Cave Creek | Red Creek |
| Payson | Cedar Bench |
| Tonto Basin | Buzzard Roost |
| Tonto Basin | Greenback |

## ORDER

On November 14, 2003, the Court received Defendant's Motion to Alter or Amend Judgment on Count VII which shall be treated as a motion for reconsideration of this Court's Judgment entered on October 30, 2003.

Pursuant to the Rules of Practice of the United States District Court for the District of Arizona, Rule 1.10(p),

**IT IS ORDERED** that Plaintiff shall file a Response within ten days of the filing date of this Order.

**DATED** this *25th* day of November, 2003.

**[PROPOSED] AGREED ORDER RESOLVING DEFENDANTS' MOTION TO ALTER OR AMEND JUDGMENT ON COUNT VII OF THE FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e)**

Defendants, the Forest Service, et al., have moved to alter or amend the Judgment on Count VII of the first amended complaint. Defendants moved to alter or amend the portion of the Order and Judgment invalidating the permits for the Torreon, Walker Basin, Pedragosa, Bottle Canyon, Gillespie, Grant, and Greenback allotments (*see* October 28, 2003 Order at 6, ¶ 2). Defendants have moved the Court to withdraw this portion of the relief.

Plaintiff Forest Guardians represents to this Court that rather than engage in further litigation on this issue, Plaintiff is prepared to stipulate that the relief relating to these seven allotments shall be limited to and identical to the relief set out by the Court for the other allotments challenged in Count VII of the first amended complaint (*see* October 28, 2003 Order at 6, ¶ 3).

The Forest Service represents that entry of this order modifying the Order and Judgment will resolve the issues raised in their Rule 59(e) motion and that further litigation on this issue will not be necessary.

Based upon the submissions of Plaintiff and Defendants, and for good cause shown, it is hereby ordered that the portion of the Court's October 28, 2003 stating that the permits for the Torreon, Walker Basin, Pedragosa, Bottle Canyon, Gillespie, Grant, and Greenback allotments are invalidated (*see* October 28, 2003 Order at page 6, ¶ 2), is withdrawn. It is further ordered that Defendants must nevertheless consult on the full ten year term of the grazing permits for the Torreon, Walker Basin, Pedragosa, Bottle Canyon, Gillespie, Grant, and Greenback allotments pursuant to the October 28, 2003 Order, as required for the all allotments in Exhibit A to the October 28, 2003 Order. (*See* October 28, 2003 Order at 6, ¶ 3).

IT IS SO ORDERED.

Dated this *23rd* day of *January*, 2004.